**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON**

**CRIMINAL CASE NO. 15-56-DLB-CJS-1
CIVIL CASE NO. 16-229-DLB-CJS**

**UNITED STATES OF AMERICA                                                                   PLAINTIFF**

**v.                           REPORT AND RECOMMENDATION**

**ANTHONY CAMERON                                                                                  DEFENDANT**

\* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on *pro se* Defendant Anthony Cameron's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. (R. 78; R. 81). The United States has filed its Response (R. 85) and Defendant has filed his Reply (R. 87). Having all relevant documents before the Court, the matter is ripe for consideration and preparation of a Report and Recommendation. *See* 28 U.S.C. § 636(b). For the reasons stated below, it will be recommended that Defendant's § 2255 Motion be denied.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

On January 28, 2016, Defendant Cameron, pursuant to a written Plea Agreement, entered a plea of guilty to conspiracy to distribute 50 grams or more of a mixture or substance containing methamphetamine, a Schedule II controlled substance. (R. 65). As part of his Plea Agreement, Cameron admitted that he had prior federal felony drug convictions in this Court for possession with intent to distribute cocaine in 2001 (*see* 2:00-cr-34) and 2006 (*see* 2:06-cr-54) (*id.* at 3, ¶¶ 3(j),(k)), and agreed to recommended sentencing guidelines calculations pursuant to which he qualified as a career offender (*id.* at 4, ¶ 5(c)).

Defendant was sentenced and Judgment entered on June 1, 2016. (R. 64; R. 66). At sentencing, no objections were made to the Presentence Investigation Report, which was adopted by the Court. (R. 64). Cameron was sentenced to a 262-month term of incarceration and 8 years of supervised release. (R. 66). Defendant was represented in both of his prior federal drug cases and in this case by the same retained counsel, Darrell A. Cox. In his 2000 and 2006 cases, Cameron did not challenge the validity of either prior conviction by direct appeal or timely collateral attack. In the instant case, Cameron did not object to his career offender status designation prior to sentencing and did not file a direct appeal.

On December 21, 2016, Defendant filed his Motion to Vacate Under 28 U.S.C. § 2255. (R. 78). He argued therein that his counsel, Cox, was ineffective because: (1) Cox failed to challenge the validity of Cameron's prior drug convictions despite no evidence of intent to distribute; (2) Cox failed to object to the use of the prior convictions although Cox knew Cameron was not actually selling the cocaine in 2006; (3) Cox ineffectively represented Cameron in his prior cases because he did not challenge the intent to distribute elements of the offenses; and (4) Cox did not ensure that Cameron understood the nature and consequences of the offense. (R. 78). Additionally, Cameron argued the federal district court erred by failing to comply with the requirements of Rule 11 in that his pleas in the prior cases were defective, and it did not ensure that he understood the nature and consequences of the offenses. (*Id.*).

Cameron's initial motion filing did not, however, conform to the filing requirements of Rule 2 of the Rules Governing Section 2255 Proceedings in the United States District Courts. Therefore, he was ordered to complete and file the required AO Form 243 for filing a § 2255 Motion. (R. 80). On January 27, 2017, he filed a completed Form 243, Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (R. 81) along with a Memorandum

Brief in Support (R. 81-1). In this second filing, Cameron limited his Motion to Vacate to two specific claims:

> Movant asserts that defense counsel was ineffective for failing to challenge the validity of his prior drug convictions that were used as predicate offenses to deem him a career offender. Specifically, Movant's claim is a focus on his prior federal drug conviction for possession with intent to distribute cocaine.

(R. 81 at 4). Cameron argues there was insufficient evidence of an intent to distribute in 2006, which counsel failed to raise prior to sentencing or during sentencing. (*Id.*). For his second claim, Cameron says:

> Movant also asserts that his substantial rights were affected in the process of his Constitutional claim mentioned above in ground one by the district court's failure to comply with Rule 11 requirements. Movant contends that his substantial rights would be further affected if the court were to turn a blind eye to a defective plea, a conviction used to enhance Movant's sentence and leave him classified as a career offender.

(*Id.* at 5). Also, in his Reply discussed below, Cameron asserts that he is making only ineffective assistance of counsel claims and that his second claim is that "Counsel was ineffective for failing to object to Fed. R. Crim. P. Rule 11 violations." (R. 87 at 1).

In its Response to the Motion to Vacate, the United States argues that it is too late for Cameron to challenge his 2006 conviction, that he procedurally defaulted and waived any substantive challenge to his career offender status, and that he failed to establish a claim of ineffective of counsel in that he made no effort to demonstrate prejudice. (R. 85). The Response includes the affidavit of counsel, Darrell A. Cox, that Cameron was fully advised of possible defenses and never asked Cox to pursue any outcome other than a guilty plea. (R. 85-1).

In reply, Cameron states he is raising only ineffective assistance of counsel claims, which do not involve any procedural bar. (R. 87 at 2). He admits he did not challenge his 2006 conviction within one year from the date that judgment became final. (*Id.* at 3). He argues that he can,

nonetheless, raise the challenge now via ineffective assistance of his counsel because he lacked understanding of the nature of the charge against him and was not properly informed of the elements of the offense and that he was "pleading guilty to [a] serious drug offense." (*Id.* at 4-8). He continues that the 10 grams of cocaine he possessed in 2006 was for his personal use and not sufficient to infer an intent to distribute. (*Id.* at 7). He submits that as a result of counsel's deficient performance in the instant case, he "received 262 months imprisonment as opposed to a minimum, his mandatory minimum of 120 months he would have received absent counsel's unprofessional errors and omissions." (*Id.* at 8). Finally, Cameron argues that Attorney Cox's affidavit is invalid in that it is not signed, not dated, and does not have a certified stamp or seal. (*Id.*).[1]

## II.   ANALYSIS

### A.   Ineffective Assistance of Counsel Standard

To successfully assert an ineffective assistance of counsel claim, a defendant must prove both deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Pough v. United States*, 442 F.3d 959, 964 (6th Cir.2006) (noting that a defendant must prove ineffective assistance of counsel by a preponderance of the evidence). To prove deficient performance, a defendant must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. A defendant meets this burden by showing "that counsel's representation fell below an objective standard of reasonableness" as measured under "prevailing professional norms" and evaluated "considering all the circumstances." *Id*. at 688. Judicial scrutiny of counsel's performance, however, is "highly deferential," consisting of a "strong presumption that counsel's

---

[1] This assertion simply is not true. The filing has the signature, date and notary seal. (R. 85-1 at 2).

conduct falls within the wide range of reasonable professional assistance." *Id*. at 689.  Notably, "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id*.

Deficient performance is considered constitutionally prejudicial only when "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id*. at 687.  In order to prove prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.  Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. at 691.  When evaluating prejudice, courts generally must take into consideration the "totality of the evidence before the judge or jury." *Id*. at 695.  Courts may approach the *Strickland* analysis in any order, and an insufficient showing on either prong ends the inquiry.  *Id*. at 697. ("[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies…. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice ... that course should be followed.").

In the context of a guilty plea, where a defendant is represented by counsel and enters a guilty plea upon advice of counsel, the voluntariness of the plea depends on whether counsel's advice "was within the range of competence demanded of attorneys in criminal cases." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985).  While the deficient performance prong of the *Strickland* test remains the same, to establish prejudice a defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill,* 474 U.S. at 59.

### B.   Counsel Was Not Ineffective for Failure to Challenge Use of Cameron's 2006 Conviction in his 2015 Criminal Case.

Cameron complains in his Motion to Vacate that his counsel performed deficiently by not challenging in this case the use of Cameron's 2006 conviction to increase statutory sentencing and to designate him as a career offender. It appears Defendant is arguing that Attorney Cox could have challenged the 2006 conviction in response to the Government's 21 U.S.C. § 851 notice (R. 20) and/or by raising objections to the Presentence Investigation Report. (*See* R. 87 at 3-4).

The Indictment in this case charged Cameron with, among other things, conspiracy to distribute 50 grams or more of a mixture or substance containing methamphetamine. (R. 16 at 1). The applicable penalty statute provides for a term of incarceration of at least 5 years and not more than 40 years, a fine of not more than $5,000,000, and at least 4 years of supervised release. 21 U.S.C. § 841(b)(1)(B). This was set forth for Defendant's informational purposes on the Penalties page of the Indictment. (R. 16 at 6). But that page also informed Cameron that if he has a "prior drug felony" the penalty is increased to at least 10 years and not more than life in prison, a fine of not more than $8,000,000, and at least 8 years of supervised release. (*Id.*).[2]

The United States, pursuant to 21 U.S.C. § 851(a)(1), filed a notice of Defendant's prior conviction information on December 10, 2015. (R. 20). While Defendant argues counsel should have objected to and challenged this § 851 notice's reference to and reliance upon his 2006 conviction, it should first be pointed out that the Prior Conviction Information filed by the Government noted not just Defendant's 2006 conviction but also his 2001 conviction. (*Id.*). The penalty statute requires only one prior felony drug offense for the increased penalty to apply. *See*

---

[2] The statute reads ".... If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years and not more than life imprisonment...." 21 U.S.C. § 841(a)(1)(B).

21 U.S.C. § 841(b)(1)(B). But regardless, because federal law, 21 U.S.C. § 802(44), defines a "felony drug offense" as an offense punishable by imprisonment for more than one year under any federal law prohibiting or restricting conduct relating to narcotic drugs, Defendant's 2006 conviction for possession with intent to distribute cocaine, for which conviction he received a 15-month sentence, qualifies as a prior "felony drug offense" under the statute. (*See* Case No. 2:06-cr-54, R. 19, Judgment). Thus, the statutory penalty enhancement was correctly applied and therefore there was no deficiency in Attorney Cox's performance by not contesting the Government's § 851 notice filing that listed the 2006 conviction.

Defendant also argues his 2006 conviction was improperly used as a predicate offense to qualify him as a career offender for sentencing guidelines calculation purposes in this case. (*See* R. 78 at 6; R. 81 at 4-5). A career offender is defined in United States Sentencing Guideline (U.S.S.G.) § 4B1.1(a) as:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). The record demonstrates Cameron met the career offender requirements, and he admitted the same. In his Plea Agreement for the 2015 case, Cameron admits that he was "convicted of Conspiracy to Possess Cocaine with Intent to Distribute in case 00-CR-34" and "convicted of Possession of Cocaine with Intent to Distribute in case 06-CR54." (R. 65 at 3, ¶¶ 3(j),(k)). He also agreed with the recommended sentencing guidelines calculations that "the Defendant is a career offender…. [H]is "base offense level as a career offender is 37. The Defendant must be placed in a criminal history category VI as a career offender." (*Id.* at 4, ¶ 5(c)).

The Court's Minute Entry for Rearraignment reflects that Cameron was formally rearraigned and advised of his rights pursuant to Rule 11. (R. 41). Additionally, an audio recording of the plea hearing was made. (R. 41; KYED_COV_2:15-CR-ART-CJS_20160128_111525). The undersigned conducted the plea hearing on January 28, 2016 and recently reviewed the audio file. Cameron acknowledged that he discussed the Indictment with counsel, possible defenses, and that he was fully satisfied with counsel's representation of him in this case. (*Id.* at 11:30:30 AM). Cameron acknowledged that he discussed with counsel the maximum statutory penalty of life in prison and the minimum mandatory term of imprisonment of 10 years. (*Id.* at 11:31:34 AM). He acknowledged that he had two prior felony drug convictions and would be a career offender. (*Id.* at 11:37:52 AM). After the United States read the factual basis for the Indictment and Cameron's two prior felony drug convictions, Cameron acknowledged that the United States could prove those facts; that they were true; and that he was knowingly and voluntarily entering a plea of guilty. (*Id.* at 12:02:29 PM).

Cameron knowingly and voluntarily agreed to his career offender status and the facts supporting that status as part of his 2015 case Plea Agreement. (R. 65). His plea was an admission of the essential elements of the offense. *McCarthy v. United States*, 394 U.S. 459, 466 (1969); *United States v. Valdez*, 362 F.3d 903, 910-11 (6th Cir. 2004). He admitted that he conspired with others to knowingly and intentionally distribute 50 grams or more of a mixture or substance containing methamphetamine, a Schedule II controlled substance, and that he knowingly and voluntarily joined and participated in the conspiracy. Cameron admitted he knowingly and voluntarily conspired with Nicholas Houston to distribute 50 grams or more of ice, a mixture or substance containing crystal methamphetamine, and that he supplied crystal methamphetamine to Houston, who then distributed it; that Cameron was present during an August 26, 2015 sale of ice by Houston to an informant and Cameron discussed the quality of the meth; that Cameron traveled

to Houston's residence immediately after a September 15, 2015 phone call from the informant ordering one-half ounce of ice from Houston, which was followed by such a purchase; and that Houston told the informant on several occasions that Houston was waiting for ice from Cameron before he could make a sale. Also, Cameron admitted that he was convicted of conspiracy to possess cocaine with intent to distribute in case 00-CR-34 and possession of cocaine with intent to distribute in case 06-CR-54 and that, because of these prior felonies, his punishment would be not less than ten years and not more than life. (*Id.*). These written descriptions of the essential facts and Cameron's admission of them are "sufficient to establish a factual basis under Rule 11." See *Valdez*, 362 F.3d at 910-11 (quoting *United States v. Van Buren,* 804 F.2d 888, 892 (6th Cir. 1986)).

Cameron entered into a bargained-for agreement in which he admitted his guilt and career offender status and received significant concessions from the United States in return for his admissions. The United States agreed to dismiss other counts, offer full credit for acceptance of responsibility, and limit the sentence it would request the Court impose. Cameron received the benefit of those concessions. Cameron's entry into the Plea Agreement and his admissions under oath bar relief for Cameron's contention that his attorney was ineffective for failing to challenge the use of his 2006 conviction in this 2015 case.

Moreover, review of Defendant's 2006 proceeding reinforces that Attorney Cox's failure to contest use of that conviction in this 2015 case was not deficient performance. Defendant's arguments in this regard are baseless. Attorney Cox's Affidavit reflects that Cameron admitted his guilt to all elements of the 2006 case and never asked to pursue a different outcome other than a guilty plea. (R. 85-1).

In his 2006 case, Cameron pleaded guilty on August 11, 2006 to "Possession with intent to distribute cocaine." (*See* 2:06-CR-54, R. 13; R. 19). The undersigned has listened to the audiotape

of Cameron's rearraignment hearing in that 2006 case and carefully reviewed his direct statements to Senior District Judge William O. Bertelsman. A certified audio recording of that hearing is filed of record in that case. (*See* R. 22). There is no doubt that Cameron understood what he was charged with and what elements the United States would have to prove, and he acknowledged in his own words his guilt of each of these elements. The undersigned having reviewed that audio recording, part of the exchange, under oath, is as follows:

| | |
|---|---|
| JUDGE BERTELSMAN: | Tell me briefly in your own words what you did that makes you guilty of this charge? |
| CAMERON: | I – |
| JUDGE BERTELSMAN: | Talk into the mike if you want. |
| CAMERON: | I possessed cocaine. |
| JUDGE BERTELSMAN: | Okay. What were the circumstances briefly. |
| CAMERON: | Um.. I just had it on me and I got pulled over. |
| JUDGE BERTELSMAN: | Okay. And it was how many grams? |
| CAMERON: | I think it was close to 10. |
| JUDGE BERTELSMAN: | Okay. And your intent - - you knew you had it, what it was? |
| ATTORNEY COX: | Your honor, may I assist him please? |
| JUDGE BERTELSMAN: | Hmm? |
| ATTORNEY COX: | May I assist him? |
| JUDGE BERTELSMAN: | I'll - - let me get it in his own words. |
| CAMERON: | Yes sir. |
| JUDGE BERTELSMAN: | You knew that you had it, is that correct? Don't let me put words in your mouth. |

| | |
|---|---|
| CAMERON: | Yes. |
| JUDGE BERTELSMAN: | And what were you going to do with it? |
| CAMERON: | Sell it. |
| JUDGE BERTELSMAN: | Sell it. Alright. That's all we need. I can't accept a plea - - there are a lot of people who would like to give a plea and then say "well, I'm not guilty, I didn't really do it." So we have to be sure. Get it from the person in his own words that he is guilty. You want to add anything counsel? |
| ATTORNEY COX: | Yes, sir, please. He was actually stopped for a traffic stop and upon the stop they ran his name and vital statistics and they found an outstanding warrant for nonsupport in Kenton County. And upon serving that warrant on him, they arrested him, and he made certain statements that he was selling cocaine to satisfy his child support obligation. |
| JUDGE BERTELSMAN: | Okay. Alright. Does the United States want to add anything? |
| AUSA BRACKE: | Judge the police officer seized a digital scale and $1166 in currency from the area where the cocaine was. |

(R. 22, audio recording). Thus, Cameron's current recollection of the evidence in his 2006 case is refuted by the record and his admissions at that time made under oath.

Cameron further alleges he did not know his 2006 case was a serious offense and consequently could have an impact on any later conviction. However, review of the transcript of Cameron's sentencing hearing before Judge Bertelsman in that 2006 case totally refutes this contention.

| | |
|---|---|
| JUDGE BERTELSMAN: | So you got the 15 months again. **All of a sudden, next time you're going to be a career criminal and they'll throw the book at you.** So it's up to you to straighten yourself out…. |

11

| | |
|---|---|
| CAMERON: | Yes, sir. |
| JUDGE BERTELSMAN: | So you've got a lot of advantages. It's up to you whether you get yourself straightened out. **Next time you're back in here, you may well be classified as a career offender.** |
| CAMERON: | I understand. |
| JUDGE BERTELSMAN: | **And then they throw the book at you.** So it's up to you…. |

(*See* 2:06-cr-54, R. 20 at 5 (emphasis added)).

Cameron's admissions in 2006 belie his contention that his attorney was ineffective in this current case for failing to challenge evidence of intent to distribute in the 2006 case. He admitted under oath that he possessed the cocaine and intended to sell it. "[W]here the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry." *Blackledge v. Allison*, 431 U.S. 63, 73-74. "Solemn declarations in open court carry a strong presumption of veracity." *Id.* Cameron's allegations of ineffective assistance of counsel are lacking in merit.

Because Cameron, based upon his 2006 conviction, was correctly subjected to increased statutory penalties and was correctly classified as a career offender, it would have been futile for his counsel to have argued otherwise. Attorney Cox's failure to do so does not constitute ineffective assistance of counsel. *See United States v. Hanley,* 906 F.2d 1116, 1121 (6th Cir. 1990) (failure of defense counsel to pursue frivolous motions and objections cannot constitute ineffective assistance of counsel).

### III. CERTIFICATE OF APPEALABILITY

Under Rule 11 of the Federal Rules Governing Section 2255 Proceedings, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate may issue only if a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (addressing issuance of a certificate of appealability in the context of a habeas petition filed under 28 U.S.C. § 2254, which legal reasoning applies with equal force to motions to vacate brought under § 2255). In cases where a district court has rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a certificate of appealability should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists would not debate the denial of Cameron's § 2255 Motion or conclude that the issues presented are adequate to deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is further **recommended** that a certificate of appealability be **denied** upon the District Court's entry of its final order in this matter.

IV. **CONCLUSION AND RECOMMENDATIONS**

For the reasons stated above, **IT IS RECOMMENDED** that:

1) Defendant Anthony Cameron's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence (R. 78; R. 81) be **denied**;

2)      a Certificate of Appealability be **denied** by the District Judge in conjunction with the Court's entry of its final order in this matter;

3)      Judgment in favor of the United States be entered contemporaneously with the District Court's entry of its final order; and,

4)      this action be stricken from the active docket of this Court.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Report and Recommendation, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 8(b). Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn,* 474 U.S. 140, 155 (1985); *United States v. Walters,* 638 F.2d 947, 950 (6th Cir. 1981).

Dated this 25th day of October, 2018.



Signed By:
*Candace J. Smith*
**United States Magistrate Judge**

J:\DATA\habeas petitions\2255 R&R general\15-56-DLB Cameron R&R.pwcjs.wpd